**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1975**

CIVISTA HEALTH, INCORPORATED; CIVISTA MEDICAL CENTER, INC.,

        Plaintiffs – Appellants,

    v.

GILBANE BUILDING COMPANY,

        Defendant – Appellee,

    and

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

        Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:13-cv-00284-RWT)

Submitted: October 4, 2016      Decided: November 23, 2016

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Gary R. Jones, Danielle M. Vranian, BAXTER, BAKER, SIDLE, CONN & JONES, P.A., Baltimore, Maryland, for Appellants. Charles M. Asmar, John J. McKenna, Jr., ASMAR, SCHOR & MCKENNA, PLLC, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Civista Health, Inc., and Civista Medical Center, Inc., (collectively "Civista") appeal the district court's order granting summary judgment in favor of Gilbane Building Company ("Gilbane") and dismissing Gilbane as a named defendant prior to the completion of any discovery. In its amended complaint, Civista alleged breach of contract, negligence, breach of express and implied warranties, and fraud/misrepresentation for work related to a construction contract that Gilbane performed. Gilbane moved for summary judgment on the ground that suit was barred by the statute of limitations as determined by an accrual clause contained in the contract. The district court agreed that the accrual clause was valid, held that fraud as an exception to its enforceability applied only to fraud in the inducement of a contract, and granted Gilbane's motion for summary judgment, ruling that the claims against Gilbane were barred by the statute of limitations. The court also denied Civista's Fed. R. Civ. P. 56(d) motion for discovery, concluding that any additional evidence would be insufficient to create a genuine issue of material fact.

On appeal, Civista argues that the district court erred in concluding that the evidence was insufficient to establish equitable estoppel of the statute of limitations, and that the court erred in denying its Fed. R. Civ. P. 56(d) motion. With

regard to Civista's second claim, we have emphasized that, "[g]enerally speaking, 'summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) (brackets omitted)). Reversal of the district court's denial of a Rule 56(d) motion is only appropriate where there was "a clear abuse of discretion or . . . there is a real possibility the party was prejudiced by the denial of" more time for discovery. Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (internal quotation marks omitted).

In the Rule 56(d) affidavit that Civista submitted to the district court, Civista's counsel stated that Civista's investigation "uncovered evidence of serious deficiencies in Gilbane's construction" of an addition to the medical center. Civista asserted that it "wish[ed] to inquire into Gilbane's communications and interaction with its subcontractors and the various inspectors who visited the construction site," as well as "Gilbane's record of competence in performing its contractual supervisory duties during construction and, in particular, how violations as notorious [sic] as are described by the Fire Marshall [sic] were either missed, ignored, or covered up."

4

Counsel's affidavit asserts that Civista identified, on account of the effects of an earthquake and hurricane that impacted the hospital, significant defects in the construction that Gilbane must have noticed, raising an inference that Gilbane knew of the defects but intentionally failed to disclose and correct the defects as it was contractually obligated to do. The fact that Gilbane had previously identified many of these issues and certified that they had been corrected, when serious issues remained, supports an inference that Gilbane intentionally concealed the deficiencies. Although this suggestion of fraud is not strong, the evidence, while insufficient standing alone to avoid summary judgment, is sufficient to warrant further discovery. See Pearson v. First NH Mortg. Corp., 200 F.3d 30, 35 n.2 (1st Cir. 1999) ("[i]n most fraud cases, plaintiffs rarely obtain possession of the smoking guns until a lawsuit is filed and discovery of the defendant's internal records becomes available" (internal quotation marks and ellipses omitted)).

We disagree with the district court's conclusion that the requested discovery could not create a genuine issue of material fact, as evidence of Gilbane's knowledge of, and response to, the construction deficiencies would directly bear on whether Gilbane fraudulently concealed the deficiencies. If Gilbane did engage in fraudulent concealment, such action may warrant

equitable estoppel and prevent Gilbane from asserting a statute of limitations defense in reliance on the accrual clause, rather than the state's discovery rule.  See Poffenberger v. Risser, 431 A.2d 677, 680 (Md. 1981) (noting Maryland has applied discovery rule "in a case involving faulty construction"). Thus, the district court's denial of Civista's Rule 56(d) motion created "a real possibility the party was prejudiced by the denial of" more time for discovery, as Civista was left unable to defend against Gilbane's affirmative defense.  Ingle, 439 F.3d at 195.

Accordingly, we vacate the district court's grant of judgment and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED